11th Court of Appeals
Eastland, Texas
Opinion
 
Abron Michael Henry
            Appellant
Vs.                  No. 11-03-00247-CR -- Appeal from Galveston County
State of Texas
            Appellee
 
            The jury convicted Abron Michael Henry of the offense of aggravated assault on a public
servant, made an affirmative deadly weapon finding, and assessed punishment at confinement for
five years. We affirm. 
            In his sole issue on appeal, appellant contends that the evidence is legally insufficient to
support his conviction. Appellant specifically argues that no rational juror would have found that
the officer was placed in fear by appellant’s actions. In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d
664 (Tex.Cr.App.2000). 
            Appellant was charged with threatening Officer Joel Caldwell with imminent bodily injury
with a hatchet. Pursuant to TEX. PENAL CODE ANN. §§ 22.01(a)(2) & 22.02(a)(2) (Vernon Supp.
2004), the applicable elements of aggravated assault are intentionally or knowingly threatening
another with imminent bodily injury and using or exhibiting a deadly weapon during the commission
of the assault. TEX. PENAL CODE ANN. § 22.02(b)(2) (Vernon Supp. 2004) provides that the
offense is a first degree felony if it is committed against a person that the “actor knows is a public
servant while the public servant is lawfully discharging an official duty.” 
            Officer Caldwell testified that he was dispatched to a call concerning a young man running
around with a hatchet hitting cars and a house. When he arrived at the location in full uniform in
his marked patrol car, he observed appellant. Appellant fled as soon as he saw the officer. Officer
Caldwell chased appellant. Appellant ran up a flight of stairs to the second floor of a house. When
he got to the top of the stairs, appellant turned, faced back down the stairs toward the officer, and
raised the hatchet above his head. At the time, Officer Caldwell was about halfway up the stairs. 
Appellant said: “[G]et out of here, mother f----r.” Officer Caldwell testified that he was “in fear
for [his] life at the time” and that the hatchet was a deadly weapon capable of causing death or
serious bodily injury. The officer drew his pistol and pointed it at appellant. After a brief standoff,
appellant began screaming loudly and striking the railing of the house with the hatchet. Officer
Caldwell retreated and took cover behind his patrol car. Shortly thereafter, appellant pointed the
hatchet at the officer and then threw it in the officer’s direction. The hatchet went over the officer’s
head and landed about 20 feet behind him. Officer Caldwell then ran up the stairs after appellant. 
Appellant barricaded himself inside. With the help of backup officers and pepper spray, appellant
was finally subdued and arrested. 
            Appellant testified at trial and denied that he ever had such a hatchet. Appellant also testified
that he did not throw a hatchet at the officer. Appellant did not really remember being arrested. 
            We hold that the evidence is legally sufficient to support appellant’s conviction. A rational
jury could have found beyond a reasonable doubt that appellant threatened Officer Caldwell with
imminent bodily injury when he raised the hatchet up over his head as if he was going to throw it
at Officer Caldwell or when appellant “pointed” the hatchet and threw it toward Officer Caldwell. 
Appellant’s sole issue is overruled. 
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE 
 
September 9, 2004
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.